IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22-cv-3372 |
| v. ) | |
| ) | Hon. Manish S. Shah |
| WALMART INC., a corporation, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING DEFENDANT'S MOTION TO DISMISS (DKT. 23-24)**

Plaintiff respectfully submits this Notice of Supplemental Authority in support of its Response to Defendant's Motion to Dismiss (Dkt. 43). In Defendant's brief, it argues that "Congress violated the Constitution when it amended the FTC Act to grant the independent FTC the executive litigation powers set forth in 15 U.S.C. §§ 45(m), 57b, and 53(b)," and thus the FTC "lacks constitutionally valid authority to bring this suit." (Dkt. 24 at 13.)

Plaintiff submits this Notice of Supplemental Authority because on February 1, 2023, after briefing on Defendant's motion was completed, Judge McMahon in the Southern District of New York issued a decision and order rejecting this same argument in *FTC v. Roomster Corp.*, No. 22-cv-7389, 2023 WL 1438718, at *8-9 (S.D.N.Y. Feb. 1, 2023). In *Roomster*, the court held that "Defendants grossly misinterpret binding Supreme Court precedent" and that "[t]he FTC clearly has the authority to bring this suit." *Id.* at *8. The *Roomster* court first noted that "[n]early a century ago, the Supreme Court affirmed the constitutionality of the FTC's structure," citing to *Humphrey's Executor v. United States*, 295 U.S. 602 (1935). *Id.* The court then explained: "Since then, the Supreme Court has addressed presidential removal power

1

multiple times, each time citing *Humphrey's Executor* and declining to overrule it – including in *Seila Law*, the case relied upon by Defendants." *Id.* The court continued, however, by explaining "even if Defendants could plausibly challenge the constitutionality of the for cause removal protections for the FTC commissioners, that challenge would not invalidate this action or necessitate its dismissal" under settled Supreme Court precedent *Id.* at *9.

*Roomster* supports Plaintiff's argument that its statutory authority to bring this action is constitutional. (Dkt. 43 at 16-22.) Plaintiff recognizes that the *Roomster* opinion is not binding on this Court, but Plaintiff believes that the Court may find its discussion informative and its reasoning persuasive.

Dated: February 7, 2023

Respectfully submitted,

*/s/ Karen D. Dodge*
KAREN D. DODGE
PURBA MUKERJEE
MATTHEW G. SCHILTZ
RACHEL F. SIFUENTES
Attorneys for Plaintiff
Federal Trade Commission
230 South Dearborn Street, Suite 3030
Chicago, Illinois 60604
(312) 960-5634 (telephone)
(312) 960-5600 (facsimile)