IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC., <br><br> Defendant. | Case No. 1:22-cv-03372 <br><br> Hon. Manish S. Shah |

**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING WALMART INC.'S MOTION TO DISMISS**

Walmart respectfully submits this response to the FTC's Notice of Supplemental Authority (ECF No. 49) invoking *FTC v. Roomster Corp.*, No. 22-cv-7389, 2023 WL 1438718 (S.D.N.Y. Feb. 1, 2023). The FTC is wrong that this decision "reject[ed] th[e] same argument" against the agency's litigation authority that Walmart is making here. ECF No. 49 at 1.

In *Roomster*, the district court held that the "only" argument it was rejecting was "the assertion that the FTC cannot exercise its Section 13(b) authority if the removal protections for its principal officers *are unconstitutional*." 2023 WL 1438718, at *9 (emphasis added). Here, by contrast, Walmart has made clear that it "*agrees* that the agency's removal protections are valid under *Humphrey's Executor v. United States*, 295 U.S. 602 (1935)," and that it "is not challenging that 1935 decision or the validity of the FTC's removal protections under it." Reply (ECF No. 44) at 1-2; *accord* MTD (ECF No. 24) at 9-10. Indeed, Walmart's argument is that, *because* the removal protections are constitutional under *Humphrey's Executor*, it was unconstitutional for Congress *to later grant litigation authority* to an agency whose independence was upheld on the ground that it exercised *no executive power*. *See* Reply 2-5; MTD 10-13 & n.3.

1

Once Walmart's constitutional argument is properly understood, none of the *Roomster* court's reasoning is remotely applicable or persuasive:

*First*, the *Roomster* court emphasized that the Supreme Court has never overruled *Humphrey's Executor*. 2023 WL 1438718, at *8. But that is immaterial, because Walmart's argument *seeks to enforce the limits* of *Humphrey's Executor*. As the Supreme Court explained in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020), *Humphrey's Executor* rested on the Court's "view[ing] the FTC (as it existed in 1935) as exercising no part of the executive power," *id.* at 2198 (quotation marks omitted); and the Court thus did "not consider[] in *Humphrey's Executor*" whether an independent agency can be granted the "quintessentially executive power" to seek "monetary penalties against private parties on behalf of the United States in federal court," *id.* at 2200, for the obvious reason that Congress did not grant the FTC such powers until nearly four decades later, MTD 10-11; Reply 2-3.

*Second*, the *Roomster* court asserted that the Supreme Court has "never suggested" that "Congress lacks constitutional authority to delegate [executive] power to an independent agency." 2023 WL 1438718, at *9. But that is simply incorrect. In *Bowsher v. Synar*, 478 U.S. 714 (1986), the Supreme Court invalidated the grant of executive powers to the Comptroller General because he was validly insulated from Presidential removal. MTD 12; *see also* Reply 4-5.

*Third*, the *Roomster* court observed that, under *Collins v. Yellen*, 141 S. Ct. 1761 (2020), an agency's exercise of enforcement powers may be valid even if its removal protection is invalid. 2023 WL 1438718, at *9. But that gets things backwards here. As it is the enforcement powers—*not* the removal protections—that are invalid, this suit involves an "exercise of power" that the FTC does "not lawfully possess," *Collins*, 141 S. Ct. at 1787-88. MTD 13-14 n.3; Reply 5-6.

Dated:  February 9, 2023

Roman Martinez (*pro hac vice*)
Drew R. Wisniewski (ARDC No. 1016351)
Jessica L. Saba (*pro hac vice*)
Blake E. Stafford (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, D.C. 20004
(202) 637-2200
roman.martinez@lw.com
drew.wisniewski@lw.com
jessica.saba@lw.com
blake.stafford@lw.com

Respectfully submitted,

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz (ARDC No. 6209701)
Johanna M. Spellman (ARDC No. 6293851)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700
sean.berkowitz@lw.com
johanna.spellman@lw.com

Hashim M. Mooppan (*pro hac vice*)
Krista Perry Heckmann (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939
hmmooppan@jonesday.com
kperryheckmann@jonesday.com

*Counsel for Defendant Walmart Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2023, I filed the foregoing document with the Court through the Court's electronic filing system. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.

                                               /s/ *Sean M. Berkowitz*
                                               Sean M. Berkowitz