IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WALMART INC., )<br>)<br>Defendant. )<br>) | Case No. 1:22-cv-3372<br><br>Hon. Manish S. Shah |

**JOINT STATUS REPORT**

In accordance with the Court's minute entries on March 27 and April 13, 2023 (Doc. 53, 57), Plaintiff Federal Trade Commission ("FTC") and Defendant Walmart Inc. ("Walmart") respectfully submit this Joint Status Report.

**1) Briefing on Walmart's Motion to Certify for Interlocutory Appeal**

The parties propose the following schedule on Walmart's Motion to Certify the Court's March 27, 2023 Order for Interlocutory Appeal (Doc. #54):

i. The FTC will file a response on or before May 8, 2023.

ii. Walmart will file a reply on or before May 22, 2023.

**2) FTC's Amended Complaint**

<u>**Plaintiff's position:**</u>

The FTC intends to file an amended complaint and would propose to do so on or before June 30, 2023.

<u>**Defendant's position:**</u>

1

All case deadlines should remain stayed until after the Court rules on Walmart's motion seeking interlocutory appeal of the Court's March 27, 2023 order ("Motion"). ECF No. 54. If the Court and Seventh Circuit grant Walmart's request for interlocutory appeal, all case deadlines should remain stayed until after a ruling from the Seventh Circuit. In its Motion, Walmart seeks interlocutory appeal of three questions, including whether the FTC has the authority under the U.S. Constitution to bring this case. Resolution of the Constitutional question in Walmart's favor would be case-dispositive, obviating the need for the FTC to file an amended complaint. *See* Memorandum of Law in Support of Motion, ECF No. 55 at 5.

Resolution of the other two questions in Walmart's favor—whether Section 13(b) of the FTC Act requires the FTC to show ongoing or imminent illegal conduct, and whether Section 5 of the FTC Act requires the FTC to show Walmart violated established public policy or engaged in morally blameworthy conduct—would also be case-dispositive. *See id.* at 11, 15. And even if a ruling in Walmart's favor on these two issues did not fully dispose of the case, at minimum it would clarify the legal standard the FTC would have to satisfy in any amended complaint and narrow the scope of discovery if the case moves forward. *See id.* at 2, 11.

**3) Walmart's Answer or Motion to Dismiss**

<u>**Plaintiff's position:**</u>

The FTC proposes the following schedule on any pleading responsive to the amended complaint:

    i.    Walmart would file an answer or a motion to dismiss the amended complaint on or before August 18, 2023.

    ii.    If Walmart files a motion to dismiss, the FTC will file a response on or before September 25, 2023.

     iii.  If Walmart files a motion to dismiss, it will file any reply on or before October 16, 2023.

**<u>Defendant's position:</u>**

All case deadlines should remain stayed until after a ruling on its Motion and, if interlocutory appeal is permitted, after a ruling from the Seventh Circuit. If the Court disagrees with Walmart's position, Walmart does not oppose the schedule the FTC set forth above.[1]

 **4) Fact Discovery Plan**

**<u>Plaintiff's position:</u>**

The Court denied Walmart's motion to dismiss as to Count I of the complaint, holding that the FTC stated a claim for a violation of Section 5 of the FTC Act. (*See* Doc. #52 at 46.) The Court dismissed without prejudice Count II for violations of the Telemarketing Sales Rule ("TSR"), allowing the FTC to file an amended complaint addressing the specificity of its TSR allegations. (*See* Doc. #52 at 31, 62.) In light of the Court's ruling that the FTC's initial complaint stated a plausible claim under Section 5, discovery on a significant portion of the factual matters underlying the FTC's allegations should proceed. As the FTC will explain separately in its response brief, Walmart's motion for interlocutory review of the Court's March 27 ruling (Doc. #54) should be denied because Walmart cannot demonstrate exceptional circumstances that would justify such an appeal, and therefore the motion has no bearing on fact

---

[1] If Walmart files a partial motion to dismiss, its answer deadline would be stayed until after a ruling on that motion. *See McNeal v. McLean Cty. Bd.*, 2021 U.S. Dist. LEXIS 235827, *7 (C.D. Ill. Dec. 9, 2021) ("a partial motion to dismiss tolls the time within which a defendant must answer with respect to the claims not challenged in the motion" (citations omitted)); *Oil Express Nat'l v. D'Alessandro*, 173 F.R.D. 219, 220 (N.D. Ill. Mar. 31, 1997) ("a party does not need to file an answer while a partial motion to dismiss is pending"); *see also Intercom Ventures, LLC v. FasTV, Inc.*, 2013 U.S. Dist. LEXIS 75032, *18 (N.D. Ill. May 28, 2013) (relying on *Oil Express* to determine that the defendants were not required to file an answer to all counts in a case until 14 days after the Court issued an order for the Rule 12(b)(6) motion to dismiss).

discovery. Because the status of the TSR claims remain unresolved, however, the FTC would propose the following fact discovery deadlines based on the date on which Walmart files an answer:

      i.      <u>Plaintiff's proposed date for Rule 26(a)(1) disclosures:</u>

May 15, 2023.

      ii.      <u>Plaintiff's proposed date to issue written discovery:</u>

Written fact discovery may be issued on or after May 15, 2023, and all written fact discovery must be issued within 365 days after the date on which Walmart files an answer to the FTC's final, operative complaint.

      iii.      <u>Plaintiff's proposed discovery completion date:</u>

The parties must complete fact discovery within 455 days after the date on which Walmart files an answer to the FTC's final, operative complaint.

If the Court is inclined to extend the stay of discovery for any reason, the FTC requests that the parties be required to submit a joint proposed fact and expert discovery plan within 14 days after (1) the Court denies Walmart's motion for interlocutory appeal, or (2) Walmart files an answer or the Court enters an order on any future motion to dismiss.

**Defendant's position:**

Discovery should be stayed until after the Court rules on its 1292(b) Motion and, if interlocutory appeal is granted, after a ruling from the Seventh Circuit. As set forth in Walmart's Motion, this case raises fundamental questions about the FTC's legal authority and the interpretation of key provisions of the FTC Act. *See* ECF No. 55 at 1. The questions Walmart seeks to certify for interlocutory appeal readily satisfy 28 U.S.C. § 1292(b) as they are pure questions of law that are contestable and potentially case-dispositive. *See id.* at 4, 11. Staying

the case, including discovery, would conserve the Parties' and the Court's resources and promote efficiency.

If Walmart's request for interlocutory appeal is denied, or if the Court refuses to grant Walmart's request for a stay, Walmart proposes that the parties serve Rule 26(a)(1) disclosures and be permitted to serve written discovery requests beginning 14 days after the FTC's amended complaint and that fact discovery be completed 455 days after service of Rule 26(a)(1) disclosures.

Dated: April 17, 2023                         Respectfully submitted,

/s/ Matthew G. Schiltz
KAREN D. DODGE
PURBA MUKERJEE
MATTHEW G. SCHILTZ
RACHEL F. SIFUENTES
Attorneys for Plaintiff
Federal Trade Commission
230 South Dearborn Street, Suite 3030
Chicago, Illinois 60604
(312) 960-5634 (telephone)
(312) 960-5600 (facsimile)


/s/ Johanna M. Spellman
Sean M. Berkowitz (ARDC No. 6209701)
Johanna M. Spellman (ARDC No. 6293851)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700
sean.berkowitz@lw.com
johanna.spellman@lw.com

Roman Martinez (*pro hac vice*)
Drew R. Wisniewski (ARDC No. 1016351)
Jessica L. Saba (*pro hac vice*)
Blake E. Stafford (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, D.C. 20004
(202) 637-2200
roman.martinez@lw.com
drew.wisniewski@lw.com
jessica.saba@lw.com
blake.stafford@lw.com


Hashim M. Mooppan (*pro hac vice*)
Krista Perry Heckmann (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939
hmmooppan@jonesday.com
kperryheckmann@jonesday.com
*Counsel for Defendant Walmart Inc.*