IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WALMART INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:22-cv-3372 <br><br> Hon. Manish S. Shah |

**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANT WALMART'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL THE MARCH 27 ORDER DENYING IN PART WALMART'S MOTION TO DISMISS**

**I.   INTRODUCTION**

Defendant Walmart Inc. ("Walmart") seeks to delay this litigation with an unwarranted immediate appeal of the Court's March 27 Order holding that Plaintiff Federal Trade Commission ("FTC" or "Commission") stated a plausible claim against Walmart for violating Section 5 of the FTC Act and dismissing without prejudice the Commission's claims under the Telemarketing Sales Rule ("TSR").  (*See* "Order," Doc. #52; "Motion," Doc. #54.)  Before the Commission had the opportunity to file an amended complaint addressing the Court's decision, Walmart took the extraordinary step of challenging the Court's rulings that the original complaint states a claim under Section 5 and that the Commission has the authority to obtain an injunction addressing those violations.  But the Court addressed those issues at length in its 62-page Order—there simply is no basis for immediate review of the rulings, which are well supported by the Commission's allegations and controlling legal authority.  An interlocutory appeal now would not materially advance the litigation, but would significantly delay—rather

1

than expedite—the ultimate termination of the case, thereby exposing consumers to even more harm and unnecessarily interrupting the district court proceedings. Because Walmart cannot meet its considerable burden of showing exceptional circumstances that would justify immediate certification of the Order under 28 U.S.C. § 1292(b), the Motion should be denied.

## II.     LEGAL STANDARD

Certification for immediate appeal under Section 1292(b) should be granted "sparingly," *Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007), because interlocutory appeals tend to prolong litigation with unnecessary delays and waste judicial resources. *See Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998), *rev'd on other grounds*, 530 U.S. 211 (2000). Certification thus requires "exceptional circumstances [to] justify the departure from the basic policy of postponing appellate review until after the entry of final judgment." *Rogers v. BNSF Ry. Co.*, No. 19-cv-3083, 2022 WL 2208824, at *2 (N.D. Ill. June 21, 2022) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) and *Fisons, Ltd. v. U.S.*, 458 F.2d 1241, 1248 (7th Cir. 1972)). Importantly, moreover, decisions on motions to dismiss normally "are inappropriate for interlocutory review," because they often involve "contested factual issues" and tend to "stall [the] case at the pleading stage" rather than accelerate proceedings. *See Powell v. Illinois*, No. 18-cv-6675, 2019 WL 10349404, at *2-3 (N.D. Ill. Nov. 5, 2019) (citing *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010)).

A court may certify an order under Section 1292(b) only if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). The party seeking the immediate appeal has the burden of demonstrating that all four of the statutory requirements are met: "there must be a question of

*law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up the litigation*." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675–76 (7th Cir. 2000).

### III. ARGUMENT

The Court correctly decided each of the issues Walmart has raised in its Motion; none of those issues create "exceptional circumstances" warranting immediate appellate review. Applying Supreme Court precedent that is equally binding on the Seventh Circuit, the Court properly held that the Commission has the authority to bring this suit. And the Court's conclusion that the Commission's allegations support a plausible claim under Section 5 of the FTC Act was supported by an extensive analysis of the applicable legal authority and a thorough review of the complaint. Walmart has not demonstrated a likelihood that the Order will be reversed, and even if the Seventh Circuit were to resolve any of the proffered questions in Walmart's favor, it would neither dispose of nor meaningfully narrow the scope of the case. Indeed, an immediate appeal of these questions would only unduly protract this litigation.

> **A. The Court's ruling that the Commission's civil enforcement authority is constitutional does not warrant certification for immediate appeal.**

Walmart's far-fetched constitutional challenge is at odds with longstanding Supreme Court precedent. Allowing interlocutory review of clearly foreclosed arguments would upend the final judgment rule and disrupt the course of the litigation.

> **1. Walmart has not demonstrated that the Court's ruling that the Commission's enforcement authority is constitutional is contestable.**

Applying controlling Supreme Court precedent, the Court correctly ruled that the Commission has authority to bring this suit, and Walmart has not met its high burden of demonstrating that this is a contestable issue. The prevailing standard for contestability is "rigid" and "can be satisfied only in rare circumstances, such as when there is a 'substantial

3

likelihood' that the district court's order would be reversed on appeal." *Emley v. Wal-Mart Stores, Inc.*, No. 17-cv-235, 2020 WL 108374, at *5 (S.D. Ind. Jan. 8, 2020); *see also In re Kmart Corp.*, No. 04-cv-4978, 2004 WL 2222265, at *2 (N.D. Ill. Oct. 1, 2004) ("A question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal.") (quotation omitted). If, as here, a controlling appellate court has ruled on the question, it is not contestable. *See Padilla v. DISH Network LLC*, No. 12-cv-7350, 2014 WL 539746, at *5 (N.D. Ill. Feb. 11, 2014).

In its March 27 Order, the Court applied the controlling Supreme Court decision in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), to conclude that the FTC has authority to bring this suit—regardless of any potential incompatibility between the Commissioners' removal protections and the agency's enforcement authority—because the Commissioners were constitutionally appointed. (Order, Doc. #52 at 60-61.) Courts across the country have applied *Collins* to reject identical challenges to FTC enforcement actions, *see FTC v. Kochava, Inc.*, No. 22-cv-377, 2023 WL 3249809, at *11-12 (D. Idaho May 4, 2023); *FTC v. Roomster Corp.*, No. 22-cv-7389, 2023 WL 1438718, at *9 & n.9 (S.D.N.Y. Feb. 1, 2023) (declining to certify order for interlocutory appeal), and requests to void actions of other agencies in similar circumstances, *see CFPB v. Law Offices of Crystal Moroney, P.C.*, 63 F.4th 174, 179–81 (2d Cir. 2023); *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616, 632–33 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 978 (2023) and *cert. denied*, 143 S. Ct. 981 (2023); *Calcutt v. FDIC*, 37 F.4th 293, 313–17 (6th Cir. 2022), *mandate stayed pending pet. for writ of cert.*, —S. Ct. —, 2022 WL 4546340, at *1 (Sept. 29, 2022); *CFPB v. CashCall, Inc.*, 35 F.4th 734, 742–43 (9th Cir. 2022)). Just as this

4

Court was bound to follow *Collins*, the Seventh Circuit would be similarly bound in any interlocutory appeal.

Tellingly, Walmart completely ignores *Collins* in its motion. Walmart cannot establish a contestable issue that purportedly is appropriate for immediate review by simply ignoring the binding Supreme Court decision that is directly on point.

Instead, Walmart relies on *Barr v. American Association of Political Consultants*, 140 S. Ct. 2335 (2020) and *Bowsher v. Synar*, 478 U.S. 714 (1986), which are easily distinguished—as this Court previously determined—and do not give rise to a contestable issue. Both *Barr* and *Bowsher* involved challenges to provisions that had constitutional flaws independent of the statutory schemes in which they were situated. *See Barr*, 140 S. Ct. at 2353 (First Amendment issue); *Bowsher*, 478 U.S. at 734–35 (Congressional aggrandizement). By contrast, as this Court explained, "the grant of executive power to the FTC, standing on its own, isn't unconstitutional," Order, Doc. #52 at 60, so Walmart's challenge turns on the potentially unconstitutional interaction between the Commissioners' removal protections and the agency's civil enforcement authority. In that circumstance, controlling Supreme Court decisions, *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477, 508–09 (2010) and *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2207–11 (2020), dictate that the proper remedy would be to strike the removal restriction, not void the enforcement authority. Walmart does not, and cannot, point to any authority to the contrary.

Last, Walmart cannot establish as contestable the Court's sound observation that "[t]here's reason to believe" the FTC's removal protections and enforcement authority are constitutionally compatible. (*See* Walmart Memo, Doc. #55 at 12.) This, too, is an issue currently settled by controlling Supreme Court authority. In *Humphrey's Executor v. United*

*States*, 295 U.S. 602, 632 (1935), the Supreme Court ruled that the FTC's structure is constitutionally sound, and the Court has "repeatedly declined to overturn *Humphrey's Executor*, even after the agency was granted additional litigation authority." (Order, Doc. #52 at 59, n.39.) It cannot be seriously disputed that *Humphrey's Executor* remains good law today—binding on this Court and the Seventh Circuit. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997). And Walmart is simply wrong in arguing that *Seila Law* suggests otherwise. In fact, the Court in *Seila Law* explicitly declined to overrule *Humphrey's Executor* and carefully contrasted the FTC's structure as a multimember, bi-partisan, expert body, with the single-director structure of the CFPB in *Seila Law*. 140 S. Ct. at 2192, 2200.[1]

In sum, the Court correctly applied controlling Supreme Court authority to rule that the FTC has authority to bring this suit. There is no contestable issue that merits immediate review.

### 2. An immediate appeal of the Court's ruling that the Commission's authority is constitutional will only unnecessarily delay the litigation.

Interlocutory review of the Commission's litigation authority also would not advance the ultimate termination of the litigation and instead would "cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system." *McGinnis v. Wal-Mart Stores, Inc.*, No. 11-cv-367, 2012 WL 2931254, at *2 (N.D. Ind. July 17, 2012) (quoting *Herdrich*, 154 F.3d at 368). Even if the Seventh Circuit somehow had the authority to disregard *Humphrey's Executor* and decide that the removal restrictions here are constitutionally

---

[1] *United States v. JS&A Group*, No. 81-cv-4967, 1982 WL 1916 (N.D. Ill. Aug. 4, 1982) does not suggest that certification would be appropriate here. Unlike the order in *JS&A Group*, the Court's decision regarding the Commission's authority did not require interpretation of any ambiguous statutory provision, nor was it the "first case to consider . . . the arguments raised by defendants." *See id.* at *2. Instead, as discussed previously, the Court overruled Walmart's constitutional challenge by applying binding Supreme Court precedent, consistent with the approach of numerous other courts that have considered similar challenges.

6

infirm, the proper remedy would be to "strike the offending removal protections," not "void the FTC's action in this case." (Order, Doc. #52 at 60-61.) Controlling Supreme Court authority dictates this result. *See Free Enter. Fund*. 561 U.S. at 508-09; *Seila Law*, 140 S. Ct. at 2207-11; *Collins*, 141 S. Ct. at 1787-88 & n.23. And as the Court noted, Walmart's cited authority on this issue—*Barr* and *Bowsher*—does not hold otherwise. (*See* Order, Doc. #52 at 60.) Because even a successful interlocutory appeal would not dispose of or even limit this enforcement action, immediate review would only delay the litigation and ultimate resolution of the case.[2]

> **B.** **The Court's conclusion that the Commission's allegations support a claim for a violation of Section 5 of the FTC Act does not warrant certification for interlocutory appeal.**

After careful consideration of the FTC's complaint and relevant legal authority, the Court properly held that the FTC's complaint states a claim under Section 5 of the FTC Act. (*See* Order, Doc. #52 at 46.) Walmart's disagreement with two aspects of the Court's analysis—its reliance on Section 5(n) for the meaning of unfairness and its conclusion that the Commission adequately alleged a reason to believe Walmart is violating or about to violate the law—do not present exceptional circumstances warranting immediate interlocutory review.

---

[2] In a recent case involving a constitutional challenge to the FTC's authority, *Axon Enterprise, Inc. v. FTC*, 143 S. Ct. 890 (2023), the Supreme Court reiterated that interlocutory appeals are disfavored. *Id*. at 904 ("Nothing we say today portends newfound enthusiasm for interlocutory review."). The Court in *Axon* ruled that constitutional challenges to the agency's adjudicatory authority may be filed directly in district court, recognizing the possibility of injury from being subjected to a proceeding later found to be unconstitutional. No potential for such injury exists in this case, where Walmart has already had the benefit of judicial review of its challenge to the FTC's litigation authority.

      **1.      Walmart has not demonstrated that the Court's conclusion that the FTC stated a claim for violations of Section 5 is contestable.**

          **a.      The Court's application of the Section 5(n) factors to the FTC's unfairness claim is not a contestable issue.**

In assessing whether the Commission's complaint alleged a plausible unfairness claim, the Court properly applied the statutory standard enunciated by Congress in Section 5(n) of the FTC Act. Under Section 5(n), an act or practice is unfair if it causes or is likely to cause substantial injury to consumers, which is not reasonably avoidable by consumers themselves, and is not outweighed by countervailing benefits to consumers or to competition. (*See* Order, Doc. #52 at 41, citing 15 U.S.C. § 45(n)). The Court's conclusion that Section 5(n) now sets the operative standard for unfairness claims under the FTC Act is in line with every other cited district court decision in this circuit to consider this issue. (*See* Order, Doc. #52 at 34-5 (citing *CFPB v. ITT Educ. Services, Inc.*, 219 F. Supp. 3d 878, 903 (S.D. Ind. 2015); *FTC v. IFC Credit Corp.*, 543 F. Supp. 2d 925, 945 (N.D. Ill. 2008); and *U.S. v. Dish Network LLC*, 256 F. Supp. 3d 810, 965-66 (C.D. Ill. 2017)).[3])

The Order aptly explains why this Court and other district courts in this circuit have properly applied Section 5(n). Over several pages, the Court detailed the history of the Commission's unfairness authority, including the agency's own statements (*see* Order, Doc. #52 at 32-33, citing the FTC's 1964 and 1980 Policy Statements), discussion in the common law (*see* Order, Doc. #52 at 32-33, citing *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 n.5 (1972) and *Spiegel, Inc. v. FTC*, 540 F.2d 287 (7th Cir. 1976)), and Congress's ultimate codification of

---

[3] Walmart ignores all these more recent cases and instead returns to *Samuels v. Old Kent Bank*, No. 96-cv-6667, 1997 WL 458434, at *9 (N.D. Ill. Aug. 1, 1997), which concerns Illinois law. (*See* Order, Doc. 52 at 35 n.25.) *Samuels* does not even mention Section 5(n) and is not actually inconsistent with the Court's assessment that *Spiegel, Inc. v. FTC*, 540 F.2d 287 (7th Cir. 1976), "paraphrased" the then-existing understanding of the FTC's unfairness authority.

the standard in Section 5(n) (*see* Order, Doc. #52 at 34). Given "the FTC's exclusive role in enforcing the [FTC] Act, the text of the statute, and the history of the prohibition on unfair conduct," the Court correctly concluded "that [Section] 5(n) sets the standard for unfairness, both for the court and for the Commission." (Order, Doc. #52 at 35.)

Walmart cannot manufacture a contestable issue out of the Seventh Circuit's 1976 decision in *Spiegel*. As the Court explained in its Order, deferring to the Section 5(n) factors does not contradict *Spiegel*, because that opinion did not "adopt[] a test for [Section] 5 liability" or "settle on an exclusive definition of unfairness." (*Id.* at 34-35.) Instead, the court in *Spiegel* "paraphrased the FTC's then-approach to [Section] 5" and "[approved] of the FTC's conclusion that the conduct at issue was unfair." (*Id.* at 33-34.) Furthermore, even if the Court's Order and all the decisions from this circuit cited in it were somehow inconsistent with *Spiegel*—which they are not—the application of the later-enacted Section 5(n) factors would not be reason for an immediate appeal. The Seventh Circuit has made clear that district courts are not bound to follow its decisions where, as here, subsequent events—"especially" statutory changes—make it "almost certain" that the higher court would no longer follow its earlier decision. *See Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir. 1986).

Walmart has not shown that the Seventh Circuit is likely to disagree with the consensus of courts in this circuit and elsewhere[4] that have applied the Section 5(n) factors since enactment. The existence of an outlier opinion from the Eleventh Circuit in *LabMD, Inc. v. FTC*, 894 F.3d 1221 (11th Cir. 2018), does not establish that the issue is contestable. Indeed, even an existing

---

[4] *See* Order, Doc. 52 at 41 (citing *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 244–45, 255–56 (3d Cir. 2015); *FTC v. Accusearch Inc.*, 570 F.3d 1187, 1193 (10th Cir. 2009); *FTC v. Neovi, Inc.*, 604 F.3d 1150, 1155 (9th Cir. 2010)); *see also Kochava*, 2023 WL 3249809, at *4-5.

circuit split on an issue does not automatically make the issue contestable and the order likely to be reversed on appeal. *See Flynn v. Exelon Corp.*, No. 19-cv-8209, 2022 WL 267915, at *3 (N.D. Ill. Jan. 28, 2022). If one non-controlling, contrary opinion from another circuit were sufficient to create an appealable issue under Section 1292(b), a tremendous number of orders would be subject to immediate interlocutory review.[5]

The standard for unfairness claims under the FTC Act is not "in ferment," *In re Text Messaging*, 630 F.3d at 628—in fact, there is not even "conflict among the lower courts" in this circuit, *Sterk v. Path*, No. 13-cv-2330, 2014 WL 8813657, at *2 (N.D. Ill. Aug. 8, 2014). Walmart's disagreement with the Court's application of Section 5(n) and its refusal to impose additional requirements on the Commission at the pleading stage does not come close to making the issue appropriate for immediate appeal.

> **b.      The Court's ruling that the Commission sufficiently alleged it has reason to believe that Walmart is violating or is about to violate Section 5 is sound.**

The Court's ruling that "[t]he FTC has shown some reason to believe that Walmart is or is about to violate [Section] 5," Order, Doc. #52 at 50, is consistent with the law and the Commission's allegations of Walmart's misconduct, and it provides no basis for an interlocutory appeal. As the Court noted, Section 13(b)'s language "mirrors the common law requirement that a plaintiff seeking injunctive relief show that it will suffer irreparable harm if a preliminary injunction is denied." (*Id.* at 48) (quotation omitted). "And a showing that illegal conduct is likely to recur is the same as showing that someone 'is violating' or 'is about to violate' the law." (*Id.*) The Order goes on to cite several other opinions applying the "likelihood of recurrence"

---

[5] Even if there were more substantial disagreement among the courts, certification "is not available merely because reasonable minds might differ as to issues of statutory construction." *Emley*, 2020 WL 108374, at *5.

10

standard. (*See id.*) (collecting cases). After then referencing numerous paragraphs in the complaint that describe Walmart's alleged misconduct, including its failure to adequately train employees and its decision to change problematic practices only after the Commission began investigating, the Court held that the Commission's allegations were sufficient to show a reasonable belief that Walmart is violating or about to violate the law.[6] (*Id.* at 49-50.)

As with the Eleventh Circuit's ruling in *LabMD*, the Court's disagreement with the Third Circuit's decision in *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147 (3d Cir. 2019), is not enough to create a contestable issue. *See Flynn*, 2022 WL 267915, at *3 (even circuit split does not necessarily make issue contestable). In the Order, the Court explained at length why the Third Circuit's reasoning in *Shire* was not persuasive. (*See* Order, Doc. #52 at 47-49.) Walmart has not shown it is substantially likely the Seventh Circuit would follow *Shire*, particularly in light of the greater weight of contrary authority noted in the Order, as well as the facts alleged in the complaint that would satisfy either standard.

To the extent the Seventh Circuit's opinion in *Credit Bureau Center, LLC*, 937 F.3d 764 (7th Cir. 2019), bears on this issue, it supports the Order. Contrary to Walmart's framing, the Seventh Circuit did not "embrace[]" *Shire*'s requirements for a permanent injunction in *Credit Bureau Center*. (*See* Walmart Memo, Doc. #55 at 14.) Rather, the court explained that it need not decide what the FTC must show to obtain an injunction under Section 13(b). *See* 937 F.3d at 770. But it did explicitly affirm a permanent injunction that the district court issued **based on a**

---

[6] Although the Court's decision to apply a likelihood of recurrence standard is proper, the Commission's existing allegations also would support an injunction under an "ongoing or imminent" standard, such that appellate review of the standard would be purely "academic." *See Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 535 (7th Cir. 2012). Moreover, even if the Court had applied a different standard **and** found the allegations insufficient, the Commission simply would have sought leave to amend, adding further detail about Walmart's ongoing misconduct.

11

*likelihood of recurrence*, see id. at 770-71, precisely the standard Walmart attacks. (*See* Walmart Memo, Doc. #55 at 9.)

Here, too, Walmart fails to point to a substantial ground for a difference of opinion and instead seeks to disrupt the ordinary flow of litigation merely because it disagrees with the Court's conclusion that the Commission has stated a plausible Section 5 unfairness claim.

### 2. An interlocutory appeal on the FTC's Section 5 unfairness claim will delay rather than speed up the litigation.

Interlocutory review of the Court's Section 5 decision also would not "promise to speed up the litigation," *Ahrenholz*, 219 F.3d at 675, but would have precisely the opposite effect. Delay is a primary reason why such interlocutory appeals are "generally disfavored," particularly at the early stages of litigation. *See McGinnis*, 2012 WL 2931254, at *2; *see also Gottesman v. Gen. Motors Corp.,* 268 F.2d 194, 196 (2d Cir. 1959) (appellate review at early stages of litigation "stimulate[s] the parties to more and greater pre-trial sparring apart from the merits"). As a result, courts routinely consider whether an interlocutory appeal would be dispositive when deciding whether to grant certification. *See, e.g., Powell*, 2019 WL 10349404, at *3 (denying certification where "plaintiffs would likely have more to say in an amended complaint, and the interlocutory appeal would by no means be certain to end the matter even if defendants prevailed"); *Abrams v. Van Kampen Funds, Inc.*, No. 01-cv-7538, 2002 WL 1989401, at *1 (N.D. Ill. Aug. 27, 2002) (denying motion for certification, and noting that issue of "pleading requirements, not the merits" inappropriate for interlocutory review, because "cause of action would not be dismissed," and plaintiffs "likely would be able to file an amended complaint satisfying the [challenged] requirements"); *Sterk*, 2014 WL 8813657, at *3 (granting certification for interlocutory review where if party seeking appeal "prevail[ed], the case [would] be over").

12

Even a decision in Walmart's favor on the Section 5 and Section 13(b) pleading issues would not dispose of the litigation. The Court is already allowing the Commission to file an amended complaint related to the TSR allegations by June 30, 2023. (*See* Minute Entry, Doc. #59.) As in *Powell* and *Abrams*, if Walmart were to succeed on an immediate appeal of the Section 5 ruling, the Commission would simply seek to amend its complaint again, this time after a delay of months or more. Walmart appears to acknowledge its own exaggeration about the "dispositive" nature of its Section 5 questions, suggesting that interlocutory review would at least "shape" the litigation. (*See* Walmart Memo, Doc. #55 at 15, 19.) But that could be said of any case where a motion to dismiss has been denied. This Court certainly is capable of managing the scope of discovery in this case; Walmart's early attempts to narrow that scope before discovery has even begun do not warrant immediate review.

Walmart's cited authority also does not hold that an immediate appeal would promote efficiency in this case. For example, although Walmart correctly notes that *U.S. v. JS&A Group, Inc.*, 716 F.2d 451 (7th Cir. 1983), involved an interlocutory appeal affirming the FTC's authority to seek an injunction and penalties, the defendants in that case challenged the Commission's "rights . . . to both types of relief that it [was] seeking." *U.S. v. JS&A Group, Inc.*, 1982 WL 1916, at *1. As a result, if "the Court of Appeals disagree[d] with [the district court's] conclusion on those issues," there was no real dispute that the "litigation would be terminated." *Id.*; *see also Sterk*, 2014 WL 8813657, at *3. That is not so here. An interlocutory appeal would not eliminate a type of relief, the need for discovery, or further litigation; it would not even eliminate significant contested facts or issues from the case.[7]

---

[7] Walmart reveals the true nature of its purported "legal question" regarding unfairness when it asserts that "the FTC's complaint in this case does not allege that Walmart's conduct violated any established public policy or amounted to immoral or wrongful conduct." (Walmart

13

Indeed, an interlocutory appeal would not only protract this litigation, but likely would do so for no justifiable reason. As the Seventh Circuit has explained, "[d]istrict courts decide most questions correctly, so that most interlocutory appeals end in affirmance; meanwhile the case has been disrupted and the time of appellate judges consumed by questions that may wash out during the course of the case." *Employers Ins. of Wausau v. Shell Oil Co.*, 820 F.2d 898, 902 (7th Cir. 1987). The Section 5 and 13(b) questions Walmart seeks to certify could become moot after discovery if, for example, the evidence supports the Commission's contention that the alleged facts show that Walmart violated public policy and acted immorally, or that Walmart's law violations continue today. That makes the questions particularly unsuitable for interlocutory review. *See*, *e.g.*, *EEOC v. Wal-Mart Stores, Inc.*, No. 17-cv-739, 2019 WL 1199396, at *2 (W.D. Wis. March 14, 2019) (declining to certify order even if "room for reasonable disagreement" existed because "the factual record . . . [was] not yet fully developed so it [did] not make much sense to take an appeal of the legal point now"); *In re Copper Antitrust Litig.*, No. 99-cv-621, 2000 WL 34236014, at *2 (W.D. Wis. July 26, 2000) (denying certification in a "massive and complex case" where "[t]he lack of a factual record at the motion to dismiss stage" made appellate review "inappropriate," and noting that "termination is best advanced by developing facts through discovery so that legal conclusions may be based on facts and not allegations").

---

Memo, Doc. #55 at 19.) The FTC of course disagrees with Walmart's contention, and explained in response to Walmart's motion to dismiss how the alleged misconduct in the lengthy complaint would, for example, violate public policy. (Doc. #43 at 30-31 & n.15.) Regardless, the Court correctly held that the allegations are sufficient. Issues that pose "a mixed question of law and fact," such as whether the Commission's initial allegations stated a plausible claim for unfairness under Section 5, generally are "unsuitable for interlocutory review." *See Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937, 941 n.3 (7th Cir. 2015); *see also Lukis v. Whitepages Inc.*, 542 F. Supp. 3d 831, 844-45 (N.D. Ill. 2020) (denying motion to certify order on motion to dismiss).

Finally, Walmart says nothing in its Motion about the indeterminate delay that would inevitably result from an immediate appeal. Such a delay would risk harm to the Commission and more harm to consumers, particularly if the Court or the Seventh Circuit were inclined to stay the case pending the appeal pursuant to Walmart's request.[8] (*See* Joint Status Report, Doc. #58 at 2, 4-5.) The Commission has alleged that although Walmart changed some of its practices after the FTC opened its investigation, the challenged conduct is ongoing—Walmart continues to facilitate illegal money transfers to scammers and telemarketers due to its failures. Indeed, the nature of the relief the Commission seeks related to its Section 5 claim—an injunction to prevent future harm to consumers rather than a sum certain to compensate for a past harm—underscores the potential consequences of an unnecessary delay for an unwarranted interlocutory appeal.

## IV.   CONCLUSION

There is no basis for an immediate appeal of the Court's March 27 Order denying in part Walmart's motion to dismiss. Walmart's motion for certification should be denied, and the case should move forward in the normal course.

Date:  May 8, 2023                             Respectfully submitted,

>                                              */s/ Matthew G. Schiltz*
>                                              KAREN D. DODGE
>                                              PURBA MUKERJEE
>                                              MATTHEW G. SCHILTZ
>                                              RACHEL F. SIFUENTES
>                                              Attorneys for Plaintiff
>                                              Federal Trade Commission
>                                              230 South Dearborn Street, Suite 3030
>                                              Chicago, Illinois 60604
>                                              (312) 960-5634 (telephone)
>                                              (312) 960-5600 (facsimile)

---

[8] As the Commission indicated in the Joint Status Report, it opposes any such stay. (*See* Doc. #58 at 3-4.) "The party requesting a stay bears the burden of showing that the circumstances justify it." *Hudson Specialty Ins. Co. v. Joseph*, No. 19-cv-6293, 2020 WL 3050251, at *2 (N.D. Ill. June 8, 2020) (quotation marks omitted). Walmart has not done so.