IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>     v.<br><br>WALMART INC.,<br><br>        Defendant. | Case No. 1:22-cv-03372<br><br>Hon. Manish S. Shah |

**DEFENDANT WALMART INC.'S UNOPPOSED MOTION FOR ENTRY OF
BRIEFING SCHEDULE AND FOR LEAVE TO EXCEED PAGE LIMITS**

Defendant Walmart Inc. respectfully moves this Court for entry of a briefing schedule and for leave to extend the page limits governing its forthcoming motion to dismiss the Federal Trade Commission's (FTC) Amended Complaint (ECF No. 62) (Am. Compl.). In support of this motion, Walmart states as follows:

1. On June 28, 2022, the FTC initiated this action against Walmart related to money-transfer services that Walmart offers customers in its stores. ECF No. 1. The FTC's basic theory is that Walmart's anti-fraud program—which is designed to prevent its customers from sending money transfers to third-party fraudsters and scam artists—is insufficiently effective. The FTC's 59-page complaint asserted claims under Section 5 of the FTC Act, 15 U.S.C. § 45; and the Telemarketing Sales Rule (TSR), 16 C.F.R. § 310.3(b).

2. On August 16, 2022, Walmart filed an unopposed motion for entry of a briefing schedule and for leave to exceed page limits in connection with its then-forthcoming motion to dismiss. ECF No. 19. The Court granted that motion and entered an order permitting (1) Walmart to file a 40-page brief in support of its motion to dismiss; (2) the FTC to file a 40-page response

brief in opposition to Walmart's motion to dismiss; and (3) Walmart to file a 20-page reply brief in support of its motion to dismiss. ECF No. 20. Walmart subsequently filed its motion to dismiss (ECF No. 23), and the parties briefed that motion according to the page limits and schedule established in the Court's briefing order (*see* ECF Nos. 24, 43, 44).

3. On March 27, 2023, this Court issued an order ruling on Walmart's motion to dismiss. ECF No. 52. The Court granted the motion in part, dismissing the TSR claim on several independent grounds. *Id.* at 19-31. The Court denied the motion as to the Section 5 claim. *Id.* at 31-62.

4. On April 12, 2023, Walmart moved the Court to certify its March 27 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). ECF No. 54. The parties have fully briefed that motion (*see* ECF Nos. 55, 60, 61), and it remains pending.

5. On April 18, 2023, the Court issued an order staying all deadlines in this matter until the FTC filed an amended complaint on June 30, 2023. ECF No. 59.

6. On June 30, 2023, the FTC filed an 85-page amended complaint. ECF No. 62. Although the FTC's basic theory of liability remains the same as that propounded in its original complaint, the FTC has added 63 paragraphs of new allegations, rendering the amended complaint 26 pages longer than the original complaint. And rather than asserting two "Counts" (as it did in its original complaint), the FTC's amended complaint now asserts four "Counts"—one count claiming a violation of Section 5 of the FTC Act, and three counts claiming violations of the TSR.

7. Walmart contends that the FTC's amended complaint continues to suffer from several fatal defects that warrant dismissal under Federal Rule of Civil Procedure 12(b)(6). Walmart therefore plans to file a motion to dismiss the amended complaint.

8. Under Federal Rule of Civil Procedure 15(a)(3), Walmart's motion to dismiss the amended complaint is currently due on July 14, 2023. And under this Court's Local Rule 7.1, a brief or memorandum "in support of or in opposition to" a motion cannot "exceed 15 pages without prior approval of the court."

9. Walmart respectfully requests permission to file briefs of the same length that the Court permitted in connection with Walmart's initial motion to dismiss. *See* ECF No. 20. The FTC's legal theories continue to be unprecedented, and it has now added allegations regarding a litany of unrelated and factually distinct "examples" of money transfers processed at various Walmart stores across the country at various points in time. *See* Am. Compl. ¶¶ 131-63. Moreover, the key factual allegations underlying each of these transactions—including the nature of the alleged scam and Walmart's alleged involvement—are different and will therefore implicate distinct lines of argument. Extending the ordinary page limit will allow Walmart to address the FTC's 26 pages of new allegations and explain how they do not overcome the multiple independent pleading deficiencies identified in the Court's March 27 order. Thus, consistent with the page limits permitted by the Court in connection with Walmart's initial motion to dismiss, Walmart requests that the Court increase the page limit for Walmart's memorandum of law in support of its motion to dismiss to 40 pages, and increase the page limit for Walmart's reply in support of its motion to dismiss to 20 pages.

10. Relatedly, Walmart respectfully requests a modest extension of the ordinary briefing deadlines, such that Walmart's motion to dismiss the amended complaint and accompanying memorandum of law are due on August 11, 2023; the FTC's response is due on September 15, 2023; and Walmart's reply is due on October 9, 2023. This briefing schedule is consistent with the briefing schedule established for the initial motion to dismiss, and it will enable

counsel to adequately review the FTC's amended complaint and prepare briefs that present the arguments in the most direct and efficient manner for the Court's consideration.

11. On July 5, 2023, counsel for Walmart conferred via email with counsel for the FTC regarding the proposed page-limit extension and briefing schedule. Counsel for the FTC represented that the FTC consents to Walmart's proposed briefing schedule. Counsel for the FTC also consents to an extension of the page limit, but believes 25 pages for Walmart's memorandum of law and for the FTC's response, and 15 pages for Walmart's reply, would be more appropriate.

12. Based on the foregoing, Walmart respectfully requests that the Court enter an order prescribing the following briefing format in connection with Walmart's forthcoming motion to dismiss:

- Walmart's motion to dismiss the amended complaint and accompanying memorandum of law, not to exceed 40 pages, to be filed by August 11, 2023.
- The FTC's response to Walmart's motion to dismiss, not to exceed 40 pages, to be filed by September 15, 2023.
- Walmart's reply in support of its motion to dismiss, not to exceed 20 pages, to be filed by October 9, 2023.

\* \* \* \* \*

WHEREFORE, Walmart respectfully requests that the Court grant this motion and enter an order setting forth the above-described page limits and briefing schedule in connection with Walmart's forthcoming motion to dismiss.

Dated:  July 7, 2023

Roman Martinez (*pro hac vice*)
Drew R. Wisniewski (ARDC No. 1016351)
Jessica L. Saba (*pro hac vice*)
Blake E. Stafford (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, D.C. 20004
(202) 637-2200
roman.martinez@lw.com
drew.wisniewski@lw.com
jessica.saba@lw.com
blake.stafford@lw.com

Respectfully submitted,

 /s/ *Sean M. Berkowitz*
Sean M. Berkowitz (ARDC No. 6209701)
Johanna M. Spellman (ARDC No. 6293851)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700
sean.berkowitz@lw.com
johanna.spellman@lw.com

Hashim M. Mooppan (*pro hac vice*)
Krista Perry Heckmann (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939
hmmooppan@jonesday.com
kperryheckmann@jonesday.com

*Counsel for Defendant Walmart Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2023, I filed the foregoing document with the Court through the Court's electronic filing system. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.

                                                         */s/ Sean M. Berkowitz*
                                                         Sean M. Berkowitz