IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>WALMART INC., a corporation,  )<br>  )<br>Defendant.  )<br>  ) | Case No. 1:22-cv-3372<br><br>Hon. Manish S. Shah |

**PLAINTIFF FTC'S UNOPPOSED MOTION FOR ADDITIONAL TIME TO MOVE FOR ENTRY OF PARTIAL FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

Plaintiff Federal Trade Commission ("FTC") respectfully moves this Court to provide it additional time to request a partial final judgment under Federal Rule of Civil Procedure 54(b), on its TSR claims (Counts II, III, and IV) of the Amended Complaint [62]. Specifically, the FTC requests an order permitting it to make a motion for partial final judgment under Fed. R. Civ. P. 54(b) after any determination by the Seventh Circuit to accept any potential interlocutory appeal from Walmart in this case. In support, the FTC states as follows:

**PROCEDURAL HISTORY**

1. On June 28, 2022, the FTC filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief [1] alleging that Defendant Walmart Inc. ("Walmart") engaged in unfair practices, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and assisted and facilitated illegal telemarketing transactions in violation of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.

2. On August 29, 2022, Walmart filed a motion [23], and memorandum supporting its motion [24], to dismiss the FTC's Complaint. That motion was fully briefed by October 28,

1

2022. [43, 44–45-1]. On March 27, 2023, the Court entered its Memorandum Opinion and Order [52], granting in part Walmart's motion by dismissing the TSR claim without prejudice, and denying the motion as to the Section 5 claim.

3. On April 12, 2023, Walmart filed a motion [54], and memorandum in support [55], to certify the Court's March 27, 2023 Order for interlocutory appeal. That motion was fully briefed by May 18, 2023. [60, 61]. On July 20, 2023, the Court entered an order denying Walmart's motion. [68].

4. On June 30, 2023, the FTC filed its Amended Complaint for Permanent Injunction, Monetary Relief, and Other Relief, pleading a Section 5 claim and multiple TSR claims. [62]. On August 11, 2023, Walmart filed a motion [70], and memorandum and appendix supporting its motion [71–71-1], to dismiss the FTC's Amended Complaint. That motion was fully briefed by October 9, 2023. [72, 73].

5. On July 3, 2024, the Court entered its Memorandum Opinion and Order [78] dismissing the FTC's TSR claims with prejudice, but denying Walmart's then-renewed arguments that the FTC had not pled a claim for relief on its unfairness claims under Section 5.

6. At a July 11, 2024 status hearing, Walmart attempted to orally renew its prior motion to certify an order for interlocutory appeal, but the Court required Walmart to submit its motion in writing, noting that the previous motion had been denied. *See* [80] at 4:18-5:20. The Court then set a briefing schedule for Walmart's motion. [79]. The Court also discussed that the FTC may wish to consider seeking "a final appealable judgment" of the Court's dismissal of the TSR claims, if the Court granted any part of Walmart's renewed motion for certification and if the Seventh Circuit then decided to take the interlocutory appeal. Specifically, the Court stated that the FTC may wish to "wait to see" if the Court certifies a question for appeal and if the

Seventh Circuit takes the appeal, to then seek from this Court "a final appealable judgment that can get combined once you [the FTC] know there is, in fact, an appeal in the Court of Appeals…." *See* [80] at 7:5–11.

7. On August 1, 2024, Walmart renewed its motion for certification pursuant to 28 U.S.C. § 1292(b), [81], and memorandum in support of its motion [82], seeking to certify this Court's March 27, 2023 and July 3, 2024 orders for interlocutory appeal. Currently, the FTC's response is due by September 5, 2024, and Walmart's reply is due by September 19, 2024. [79].

## REQUEST FOR ADDITIONAL TIME

8. Rule 54(b) does not include a deadline by which a party must seek certification of a partial final judgment. However, Seventh Circuit precedent generally requires a party request partial final judgment under Rule 54(b) no later than 30 days after the entry of the adjudication to which it relates. *See, e.g.*, *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017); *but see Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956) (holding that whether to release for appeal final decisions upon a claim under Rule 54(b), including the timing of such a release, is within the discretion of the district court).

9. The FTC plans to oppose Walmart's motion for certification. If certification is granted, the FTC will also oppose Walmart's petition for permission to appeal before the Seventh Circuit. *See* Fed. R. App. P. 5(b)(2). Allowing an interlocutory appeal will delay this case, to the detriment of consumers who continue to be injured by Walmart's unlawful practices.

10. However, as the Court stated during the July 11 status hearing, should this Court grant Walmart's certification request, and "the Seventh Circuit decides they want to take [the appeal]," it may "make[] sense" for the FTC to request "a final appealable judgment" if the FTC determines to "appeal the ruling dismissing the TSR claims." *See* [80] at 7:1–11. Although that

3

determination may be better made at the juncture the Court suggested, the FTC is compelled to file this motion for additional time now, because Seventh Circuit precedent generally imposes a 30-day deadline for motions to enter a partial final judgment under Rule 54(b). Therefore, in an abundance of caution to avoid a finding that any such eventual motion is untimely and to preserve the opportunity to request partial judgment certification, the FTC respectfully requests that it be permitted additional time to file any motion under Rule 54(b), until the Seventh Circuit decides whether to hear Walmart's planned appeal (if this Court grants Walmart's certification motion).

11. Counsel for the FTC met and conferred with counsel for Walmart in advance of filing this motion, advising that the FTC intended to file a motion for additional time to seek entry of partial final judgment under Rule 54(b), to wait and see if the Seventh Circuit decided to take up Walmart's appeal in this matter. Counsel for Walmart indicated that, "Walmart consents to the FTC's request for more time to consider filing a Rule 54(b) motion for partial final judgment."

12. The FTC therefore respectfully requests that the Court enter an order setting a deadline for the FTC to file a motion for entry of partial final judgment under Rule 54(b) that is tied to any decision by the Seventh Circuit accepting Walmart's interlocutory appeal (should this Court grant Walmart's certification request). The FTC proposes that within 14 days after the Seventh Circuit accepts any interlocutory appeal would be a reasonable amount of time to allow for the filing of such a motion. If the FTC makes such a motion, it will fully address the reasons why a partial final judgment would be appropriate under those circumstances, such as the promotion of judicial efficiency by avoiding piecemeal appeals and instead allowing all the issues related to this case to be addressed by the Seventh Circuit at the same time.

**CONCLUSION**

Based on the foregoing, the FTC respectfully requests that the Court grant this unopposed motion for additional time to move for the entry of partial final judgment on the FTC's TSR claims pursuant to Rule 54(b), and specify a reasonable time after any determination by the Seventh Circuit to accept any interlocutory appeal from Walmart within which the FTC may file such a motion.

Dated: August 2, 2024.        Respectfully submitted,

*/s/ Rachel F. Sifuentes*
KAREN D. DODGE
PURBA MUKERJEE
MATTHEW G. SCHILTZ
RACHEL F. SIFUENTES
Attorneys for Plaintiff
Federal Trade Commission
230 South Dearborn Street, Suite 3030
Chicago, Illinois 60604
(312) 960-5634 (telephone)
