UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

WALMART INC.,

    Defendant.

No. 22 CV 3372

Judge Manish S. Shah

## ORDER

Plaintiff's motion for reconsideration [86] is denied. Defendant's motion for certification under 28 U.S.C. § 1292(b) [81] is granted. This court certifies its orders denying Walmart's motions to dismiss, [52] and [78], for interlocutory review under 28 U.S.C. § 1292(b). Discovery is stayed.

## STATEMENT

The Federal Trade Commission correctly points out, [86] at 2, that knowledge and intent can be alleged generally under Federal Rule of Civil Procedure 9(b).* The FTC asks me to reconsider the dismissal of its claim under the Telemarketing Sales Rule because, in its view, I incorrectly held the amended complaint to a higher pleading standard. *See Kahn v. Walmart Inc.*, 107 F.4th 585, 604 (7th Cir. 2024). The FTC is also correct that there is no heightened plausibility requirement under Rule 9(b) and inferences in its favor need not be the only possible inferences. But I don't agree that I manifestly misapplied these settled propositions when reviewing the amended complaint. I accepted the allegation that Walmart knew its money transfer services were used by fraudsters. [78] at 34–35. But I concluded, and still do conclude, that knowledge about a specific telemarketing scheme is necessary and missing from the relevant portions of the amended complaint. *See* [78] at 33–38. The motion to reconsider is denied.

Walmart moves to certify an interlocutory appeal from the orders denying its motions to dismiss the Section 5 claim. As I concluded the first time Walmart asked, [68], there are contestable controlling legal questions raised by the orders: e.g., whether Congress unconstitutionally granted executive power to the FTC when it allowed the FTC to bring certain lawsuits; and what remedy follows from a

---

* Bracketed numbers refer to entries on the district court docket.

separation-of-powers violation of the sort alleged here (while *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), remains binding precedent).

Now that I've dismissed the Telemarketing Sales Rule claim with prejudice, the viability of the FTC's Section 5 claim is only issue in the case, and an appeal would materially advance the litigation. The FTC is frustrated by the delays in this case and its inability to press ahead to prove up the merits of its charge that Walmart is hurting consumers. It thinks Walmart's appellate issues are futile. I agree with the FTC that resolution of the statutory interpretation question about what "unfair" under Section 5 means would not materially advance this litigation, because discovery and merits briefing would be necessary to apply fully the statutory test, whatever it means. And I agree with the FTC that my interpretation of Section 13(b)'s requirement for injunctive relief is not a controlling legal question because the allegations of the amended complaint suffice under either proffered interpretation.

But as lawyerly as Walmart's framing of the constitutional issue is, it nevertheless is a question that I think needs definitive resolution and is tricky enough to leave substantial ground for difference of opinion. The needle Walmart is trying to thread concerns the exercise of executive power and corresponding remedies for the exercise of powers unlawfully possessed. That's not foreclosed by *Collins v. Yellen*, 594 U.S. 220, 258–260 (2021). An authoritative answer would advance this case by telling Walmart and the FTC whether this kind of suit is possible. No discovery is necessary, and because I conclude that only the Section 5 claim is viable anyway, it would not unnecessarily prolong the case or result in piecemeal appeals.

Of course, the court of appeals makes its own assessment about whether these (or any) challenges by Walmart to my orders are appropriate for briefing and resolution now. *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) (appellate jurisdiction applies to the order certified to the court of appeals and is not tied to the particular question formulated by the district court); *In re Lion Air Flight JT 610 Crash*, 110 F.4th 1007, 1011 (7th Cir. 2024) (reaching a question that the district court declined to certify).

The motion to certify the orders denying dismissal of the Section 5 claim for interlocutory appeal is granted.

Manish S. Shah
United States District Judge

Dated: 10/18/24