**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>Defendant. | ) | Case No. 1:22-cv-3372<br><br>Hon. Manish S. Shah |

**STIPULATED ORDER FOR INJUNCTION AND MONETARY JUDGMENT**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief, subsequently amended as Amended Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105(b). The Commission and Defendant Walmart Inc. stipulate to the entry of this Stipulated Order for Injunction and Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges Defendant with engaging in unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Telemarketing Act, 15 U.S.C. §§ 6101–6108, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in the

course of providing money transfer services to consumers in the United States through its worldwide money transfer network.

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

A. **"Cash-to-Cash Money Transfer"** means a Money Transfer of a value of cash that is received in the form of cash.

B. **"Defendant"** means Walmart Inc., its subsidiaries and affiliates, and its successors and assigns.

C. **"Fraud-Induced Money Transfer"** means any Money Transfer induced by, initiated, or sent as a result of, unfair or deceptive acts or practices or deceptive or abusive Telemarketing acts or practices.

D. **"Money Transfer"** means the sending of money (in cash or any other form, unless otherwise stated) between a consumer in one location to a recipient (payee) in another location using money transfer services offered by Defendant on at least one side of the transaction, and shall include transfers initiated or sent in person, online, over the telephone,

using a mobile app, at a kiosk, or through whatever platform or means made available, and money transfers received at a kiosk or ATM machine. The term "Money Transfer" does not include payment services available to Persons through Defendant's Providers to pay bills or make payments, such as urgent or utility bill payment services, and pre-paid services for items such as pre-paid cards or cellular phones.

E. **"Person"** includes a natural person, an organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

F. **"Provider"** means any Person who enters into an agreement with the Defendant to provide Money Transfer services at Defendant's locations.

G. **"Seller"** means any Person who, in connection with a Telemarketing transaction provides, offers to provide, or arranges for others to provide goods or services in exchange for consideration.

H. **"Telemarketer"** means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

I. **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones, and which involves more than one interstate telephone call.

## I.

## PROHIBITED BUSINESS PRACTICES

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this

Order, whether acting directly or indirectly, in connection with promoting, offering for sale, or providing Money Transfer services, are restrained and enjoined from:

A. Providing Money Transfer services at its locations without taking timely and appropriate action to effectively detect and prevent Fraud-Induced Money Transfers;

B. Sending or paying out any Money Transfer that they know or consciously avoid knowing is a Fraud-Induced Money Transfer;

C. Providing substantial assistance or support to any Seller or Telemarketer that they know or consciously avoid knowing is accepting, directly or indirectly, a Cash-to-Cash Money Transfer as payment for goods or services offered or sold, or charitable contributions sought, through Telemarketing; or

D. Providing substantial assistance or support to any Seller or Telemarketer that they know or consciously avoid knowing requested or received payment of a fee or consideration in advance of consumers obtaining a loan or other extension of credit when the Seller or Telemarketer has guaranteed or represented a high likelihood of success in obtaining or arranging a loan or other extension of credit for a Person.

## II.

## MONETARY JUDGMENT

IT IS FURTHER ORDERED THAT:

A. Judgment in the amount of Ten Million Dollars ($10,000,000) is entered in favor of the Commission against Defendant as monetary relief.

B. Defendant is ordered to pay to the Commission Ten Million Dollars ($10,000,000). Such payment must be made within seven (7) days of entry of this Order by

electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D. Defendant acknowledges that its Employer Identification Number, which Defendant previously provided, may be used by the Commission for reporting and other lawful purposes, including on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## III.

## CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from failing to provide available customer information related to Fraud-Induced Money

Transfers to enable the Commission to administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, with fourteen (14) days.

**IV.**

**ORDER ACKNOWLEDGMENTS**

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within fourteen (14) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury;

B. For three (3) years after entry of this Order, Defendant must deliver, or cause to be delivered, by electronic or other means, including through Walmart intranet or the point of sale system, a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members in the United States; (2) all employees, agents, and representatives with managerial responsibilities for compliance related to the subject matter of this Order; and (3) any U.S. business entity resulting from any change in structure as set forth in the Section V (Compliance Reporting). Delivery must occur within fourteen (14) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities; and

C. From each individual or entity to which Defendant delivered, or caused to be delivered, a copy of this Order, Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## V.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A. One (1) year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury, that:

1. Identifies the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

2. Identifies all of Defendant's U.S. businesses that provide Money Transfer services by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3. Describes the activities of each business listed in Subsection A.2, including the Money Transfer services offered;

4. Describes in detail whether and how Defendant is in compliance with each Section of this Order; and

5. Provides a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

B. For three (3) years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, reporting any change in the following within fourteen (14) days of the change: (i) any designated point of contact; and (ii) the structure of any entity identified in Subsection A.2 that may affect compliance obligations arising under this Order,

including: creation, merger, sale, or dissolution of the entity or any subsidiary or parent that engages in any acts or practices subject to this Order;

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within fourteen (14) days of its filing;

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature; and

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Walmart*, X220026.

## VI.

## RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for three (3) years after entry of this Order, and retain each such record for three (3) years. Specifically, Defendant must create and retain the following records:

A. Accounting records showing the revenues from all Money Transfer services sold;

B. Personnel records showing, for each person that has managerial responsibilities related to Money Transfer services, whether as an employee or otherwise, that person's: name;

address; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests about Fraud-Induced Money Transfers, including any information related to the recipients, whether received directly or indirectly, such as through a third party, and any response;

D. Records of all warnings, notices, or disclosures Defendant provided to consumers about Cash-to-Cash Money Transfers, or Money Transfers and consumer fraud;

E. Defendant's policies and procedures governing the detection and prevention of Fraud-Induced Money Transfers, including records submitted in compliance with the Stipulated Orders entered in *FTC v. MoneyGram International, Inc.*, No. 09-cv-6576 (N.D. Ill. Oct. 19, 2009), and *FTC v. The Western Union Company*, No. 17-cv-0110 (M.D. Pa. Jan. 19, 2017); and

F. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## VII.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order:

A. Within fourteen (14) days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69, provided

that Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c);

B. For matters concerning this Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other Person affiliated with Defendant who has agreed to such an interview. The Person interviewed may have counsel present; and

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII.

## ORDER TERMINATION DATE

IT IS FURTHER ORDERED that this Order will terminate three (3) years from the date it is entered by the Court.

**IX.**

**RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of _______________, 2025.**

______________________________________
HON. JUDGE MANISH S. SHAH
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED:

**PLAINTIFF FEDERAL TRADE COMMISSION**

Karen D. Dodge Dated: 6/20/25

KAREN D. DODGE
MATTHEW G. SCHILTZ
RACHEL F. SIFUENTES
Attorneys for Plaintiff
Federal Trade Commission
230 South Dearborn Street, Suite 3030
Chicago, Illinois 60604
(312) 960-5634 (telephone)
kdodge@ftc.gov (Dodge)
mschiltz@ftc.gov (Schiltz)
rsifuentes@ftc.gov (Sifuentes)

**DEFENDANT WALMART INC.**

Dated: 5/20/2025

KERRY KOTOUC
Senior Vice President & Chief Counsel, Walmart U.S.

**COUNSEL FOR DEFENDANT WALMART INC.**

Dated: 5/21/25

SEAN M. BERKOWITZ
Latham & Watkins LLP
Attorney for Defendant
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 777-7016 (telephone)
sean.berkowitz@lw.com